# In the United States Court of Federal Claims

|  |  |
|---|---|
| WILLIAM HENRY STARRETT, JR.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 21-cv-1168<br><br>Filed: February 3, 2022 |

## ORDER

On September 10, 2021, this Court held that it lacked jurisdiction over Plaintiff's claims and dismissed Plaintiff's complaint. Order Dismissing Plaintiff's Complaint (ECF No. 19) (Order). On October 7, 2021, Plaintiff filed a motion for reconsideration. Plaintiff's Motion for Reconsideration and to Alter or Amend Order and Judgement [sic] (ECF No. 21) (Pl. Mot.). Plaintiff argues that this Court should reconsider its Order on the basis that (1) the Court has jurisdiction over his claims based on an express or implied contract with the United States, *id.* at 10-20, 35-39; (2) the Court has jurisdiction over his injunctive relief causes of action because they are "tied and subordinate to a money judgement," *id.* at 20-21, 39-41; and (3) the Court misapplied precedent and applied too stringent of a pleading standard. *Id.* at 22-29. In addition to faulting this Court's Order dismissing his complaint, Plaintiff alleges that the Court improperly unsealed his complaint and that the Clerk of the Court erred in not entering default against the Defendant.[1] *Id.* at 29-34, 42-44.

---

[1] Plaintiff argues that his complaint should remain under seal because it contains "classified or source-selection sensitive information." *Id.* at 31 (quoting Plaintiff's Response to Show Cause Order (ECF No. 11)); *see also infra* pp. 8-10. He further argues that the Clerk of the Court was

For the reasons explained below, the Plaintiff's Motion for Reconsideration of this Court's Order Dismissing Plaintiff's Complaint is **DENIED**.

<u>BACKGROUND</u>

Plaintiff William Henry Starrett, Jr., appearing *pro se*, filed a redacted, sealed complaint on April 5, 2021. *See generally* ECF No. 1.  In an April 12, 2021 Order (ECF No. 6), this Court ordered Plaintiff to show cause as to why his complaint should remain under seal and directed the Clerk of Court to docket an unredacted copy of Plaintiff's complaint under seal in the interim.[2] *See generally* Complaint (ECF No. 8) (Compl.).

In his complaint, Mr. Starrett alleges that the United States Government and its private contractors co-opted Plaintiff's time, against his will and without compensation, to "remotely advise in testing, training, operations, research, and development" of a "human-computer interfacing system for defense and law enforcement applications" comprised of "satellite-based or satellite-relayed tracking, communications, surveillance, and weapons systems." *Id.* ¶¶ 1-7. According to Plaintiff, his unwilling participation as both a test subject and advisor has led to "satellite-relayed or satellite-based technologies being forced upon [him] by the foregoing groups and their employees and agents" which "have included microwave, radar, radio, optics, directed energy, and tracking technologies," which Plaintiff refers to as "Remote Neural Monitoring." *Id.* ¶¶ 28-29.

Plaintiff asserted three causes of action based on the Government's alleged "Remote Neural Monitoring:" (1) breach of an implied-in-fact contract, (2) breach of an express contract,

---

obligated, yet failed, to enter a default upon filing his Motion for Default Judgment and Motion for Order to Show Cause (ECF No. 14).  Pl. Mot. at 42; *see also infra* pp. 10-11.

[2] The Court later unsealed Plaintiff's complaint after Plaintiff was unable to explain, in response to an Order to Show Cause, why it was necessary to maintain Plaintiff's complaint under seal. Order Directing Clerk of Court to Unseal Plaintiff's Complaint (ECF No. 12) (Order to Unseal).

and (3) breach of an implied contract of good faith and fair dealing. *See id.* ¶¶ 116-23, 124-33, 134-40. To remedy these alleged breaches, Plaintiff sought a "preliminary [or] permanent injunction" prohibiting Defendant from using "Remote Neural Monitoring" without Plaintiff's consent and damages of up to $10.98 trillion, plus attorneys' fees. *Id.* at 46.

On September 10, 2021, the Court *sua sponte* held that it lacked jurisdiction over Plaintiff's claims and accordingly dismissed Plaintiff's complaint. *See generally* Order. This Court explained that it lacked subject matter jurisdiction over Plaintiff's claims because such claims are "neither money mandating, nor founded upon any express or implied contract with the United States." *Id.* at 6. Although Plaintiff cited several provisions of the United States Code as authorizing his suit, none could fairly be interpreted as money mandating. *Id.* The Court lacked subject matter jurisdiction over each of Plaintiff's contractual claims because Plaintiff did not establish that an express or implied contract with the Defendant ever existed. *Id.* at 7. Plaintiff's exhibits purporting to be "invoices" and "billing memoranda" sent to Defendant did not show any "mutual intent to contract" between Plaintiff and Defendant. *Id.*

Plaintiff timely filed a motion for reconsideration of the Court's decision dismissing his complaint. *See generally* Pl. Mot.

## APPLICABLE LEGAL STANDARD

Motions for reconsideration are governed by Rule 59(a)(1) of the Rules of the United States Court of Federal Claims (Rule(s) or RCFC).[3] Pursuant to Rule 59(a)(1), a court, in its discretion, "may grant a motion for reconsideration when there has been an intervening change in the

---

[3] Mr. Starrett also moves for reconsideration under Rule 52(b), which applies to "action[s] tried on the facts" and provides that, "the court may amend its findings—or make additional findings — and may amend the judgment accordingly." However, the Court need not engage in a separate analysis under Rule 52(b) given that the Court's Order Dismissing Plaintiff's Complaint did not make factual findings.

controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice." *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016) (citing *Young v. United States,* 94 Fed. Cl. 671, 674 (2010)).  A motion for reconsideration must also be supported "by a showing of extraordinary circumstances which justify relief." *Id.* (citing *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004)).  Such a motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted).  "The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." *Yuba Natural Res., Inc. v. United States,* 904 F.2d 1577, 1583 (Fed. Cir. 1990).

Further, Rule 12(h)(3) requires that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

<u>DISCUSSION</u>

The Court must deny Plaintiff's Motion for Reconsideration as it does not rest on newly discovered evidence or an intervening change in case law, and Plaintiff has not established "a need to correct clear factual or legal error or prevent manifest injustice." *Biery*, 818 F.3d at 711.  The Court reaffirms that it lacks subject matter jurisdiction over Plaintiff's suit and separately that Plaintiff's complaint should be unsealed.  Lack of subject matter jurisdiction prevents the Court from entering any default judgment against Defendant.   Accordingly, the Court must deny Plaintiff's Motion.

I.    <u>The Court Properly Dismissed Plaintiff's Complaint.</u>

Plaintiff argues that (1) his "Breach of Implied-In-Fact Contract to Make Payments," "Breach of Express Contract to Make Payments," and "Breach of Implied Contract of Good Faith and Fair Dealing" claims presumptively satisfy the money-mandating requirement for jurisdiction

4

under the Tucker Act, Pl. Mot. at 13; (2) the Court has jurisdiction over his claim for injunctive relief because the requested relief is related to his objection to "a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract," *id.* at 21; (3) the Court misapplied *Livingston v. Derwinski*, 959 F.2d 224 (Fed. Cir. 1992), Pl. Mot. at 23; and (4) the Court applied too stringent of a pleading burden on Plaintiff's jurisdictional allegations, *Id.* at 27-29. Plaintiff's complaints each fall short of establishing the "extraordinary circumstances which justify relief" on reconsideration. *Biery*, 818 F.3d at 711 (citing *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (internal quotation marks and citations omitted).

Plaintiff first takes issue with the Court's conclusion that it lacks subject matter jurisdiction over Plaintiff's purported contract-related claims. Pl. Mot. at 9-20. Specifically, Plaintiff alleges that this Court "inaccurately characterize[ed] the instant action's April 2, 2021 Complaint relative to jurisdictional requirements under the Tucker Act." *Id.* at 10. Plaintiff contends that the Court ignored evidence that he entered express and implied contracts with Defendant: "factual allegations set forth throughout the April 2, 2021 Complaint supported said Complaint's Claims by showing such mutual intent to contract using descriptions of actual and proximate circumstances and conduct amounting to such offers, acceptance, and consideration provided between Plaintiff and Defendant." *Id.* at 14.[4]

However, Plaintiff fails to identify "intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice," *Biery*, 818 F.3d at 711 (citing *Young*, 94 Fed. Cl. at 674); *see generally* Rule 59, in the Court's

---

[4] The Court need only address Plaintiff's contract-related jurisdiction claims because Plaintiff concedes that he only cited various statutes in his complaint as "background and contextual information or the unique authorizations empowering Defendant's personnel," rather than as bases for subject matter jurisdiction. Pl. Mot. at 10 n.1.

conclusion that "Plaintiff has not shown that he ever entered into an express or implied contract with Defendant."  Order at 7.  Plaintiff argues that his complaint sufficiently alleges Defendant's acceptance of his offer for psychic and paranormal services "by way of":

> Plaintiff's cooperation with Defendant's units' requirements; Plaintiff accommodating for the provision of services and property needed by Defendant's units' toward testing, training, operations, research, and development objectives; the granting of charge accounts and accounts receivable payment terms to Defendant's U.S. Departments of Defense, Energy, and Justice by Plaintiff's consultancy; Defendant's inaugural obtainment of services from Plaintiff, and, each time Defendant's units' have procured services and use of property from Plaintiff subsequent to each being notified of prior and forthcoming requisite terms and fees.

Pl. Mot. at 17-18; *see also id.* at 35-39 (detailing Plaintiff's practice of sending "invoices" and "billing memoranda" to various agencies of Defendant).  But these are Plaintiff's actions, not Defendant's actions that could possibly "indicate[] assent to the proposed bargain."  *Russell Corp. v. United States*, 537 F.2d 474, 482 (1976).  As the Court explained when it dismissed Plaintiff's complaint, "[t]he various exhibits attached to Plaintiff's complaint reflect only that Plaintiff engaged in a monologue directed at Defendant; they fail to reflect that 'mutual intent to contract' ever existed."  Order at 7.

Plaintiff's second argument centers on his request for injunctive relief.  Pl. Mot. at 20-21. As the Court explained in its Order dismissing Plaintiff's complaint, "[t]he equitable relief Plaintiff requests is plainly not incidental of and collateral to the money damages Plaintiff seeks" because Plaintiff has not asserted any claims arising from a contract with Defendant.  Order at 7.  Plaintiff argues now that his complaint supports his request for injunctive relief because "Plaintiff is clearly at least objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract."  Pl. Mot. at 21.  However, Plaintiff's complaint does not identify any solicitation.  *See generally* Pl. Compl.  To the extent that Plaintiff alleges the solicitation occurred via psychic means, the Court cannot recognize Plaintiff's thoughts as a

solicitation that would fall within this Court's subject matter jurisdiction as all procurement solicitations must be published for the public. *See* FAR 5.002 (noting that "[c]ontracting officers must publicize contract actions."). The Court's Order therefore lacks any "factual or legal error." *Biery*, 818 F.3d at 711 (citing *Young*, 94 Fed. Cl. at 674); *see also* RCFC 59.

Plaintiff next argues that the Court erroneously applied *Livingston v. Derwinski*, 959 F.2d 224 (Fed. Cir. 1992). Pl. Mot. at 22-26. He argues that *Livingston* is inapplicable to his case because it "indicated no mention of the Tucker Act or 28 U.S.C. §§ 1491(a)(1) and 1491(b)(1) nor word as to this United States Court of Federal Claims." *Id.* at 23. Instead, he argues, his complaint need only comply with the pleading requirements in Rule 8. *Id.* at 24-26. Plaintiff misunderstands the Court's Order. The Court dismissed his complaint for lack of subject matter jurisdiction, not for insufficient pleading. *See* Order at 5 ("Plaintiff fails to raise any matter within this Court's jurisdiction."). While *Livingston* did not address the Tucker Act, the obligation to look "to the true nature of the action" applies to all federal courts in all causes of action. *Maier v. Orr*, 754 F.2d 973, 982 (Fed.Cir.1985); *see also Hartford Fire Ins. Co. v. United States*, 544 F.3d 1289, 1293 (Fed. Cir. 2008) ("[T]he trial court was correct to look to the true nature of the action in determining jurisdiction at the outset."); *Williams v. Sec'y of Navy*, 787 F.2d 552, 557 (Fed. Cir. 1986) ("Mere recitation of a basis for jurisdiction, by either a party or a court, cannot be controlling: federal courts are of limited jurisdiction, and may not alter the scope of either their own or another courts' statutory mandate."). As discussed above, Plaintiff's complaint does not identify anything cognizable as a contract with Defendant. Thus, the "true nature" of Plaintiff's complaint falls outside this Court's subject matter jurisdiction. Order at 6-7.

Finally, Plaintiff argues that the Court placed too high of a pleading burden on Plaintiff in contravention of *Erickson v. Pardus*, 551 US 89 (2007). Pl. Mot. at 27-29. He argues dismissal

was inappropriate because he satisfied the burden of Rule 8, as his complaint was "appropriately founded upon express and implied contracts with the United States." *Id.* at 28. While a plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," RCFC 8(a)(1), the complaint "must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997). Again, as discussed above and in the Court's Order dismissing Plaintiff's complaint, Plaintiff's complaint does not state any cognizable contracts, essential for asserting a contract claim against the United States. *See* Order at 6-7.

Furthermore, while this Court must liberally construe the filings of *pro se* plaintiffs, such plaintiffs still have the burden of establishing the Court's jurisdiction by a preponderance of the evidence. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020) (per curiam) (citations omitted); *Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019) (per curiam) (citations omitted). As with all other litigants, this Court must have jurisdiction over claims brought by *pro se* litigants. *See Landreth*, 797 F. App'x at 523; *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). Plaintiff has not met the requisite burden here.

As Plaintiff has not identified any "clear factual or legal error" in the Court's decision dismissing his complaint, the Court must deny his Motion.

II.    The Court Properly Unsealed Plaintiff's Complaint.

Plaintiff additionally complains that the Court mishandled its unsealing of his complaint. Pl. Mot. at 29-34. Specifically, he argues that the Court overlooked the statement in his response to this Court's April 12, 2021 Order to Show Cause "that Plaintiff's complaint document may contain such 'classified or source-selection sensitive information,'" *id.* at 31 (quoting Plaintiff's

Response to the Court's April 12, 2021 Order to Show Cause (ECF No. 11) (Pl. Resp.) at 3); that the Court consented to subject matter jurisdiction because it unsealed Plaintiff's complaint before "5 years after the entry of final judgement," Pl. Mot. at 32-33; and that the Court incongruously unsealed his complaint and its exhibits while leaving his Response to the Court's April 12, 2021 Order to Show Cause sealed. *Id.* at 30-31.

The Court has already considered and rejected Plaintiff's argument that his complaint and its exhibits should be sealed because they allegedly contain "classified or source-selection sensitive information." Pl. Resp. at 3. While Plaintiff responded to the Court's Order to Show Cause (ECF No. 11), Plaintiff's response failed to provide "any reason why his complaint should remain under seal." Order to Unseal. Plaintiff had not explained why he identified the information as classified. As the publication cited in Plaintiff's footnote 15 explains, "[c]lassified information is material that the United States government has determined requires protection against unauthorized disclosure for reasons of national security." Pl. Mot. at 34 n.15; *see also* "Guidelines for Cases Involving Classified Information." U.S. COURT OF FEDERAL CLAIMS, Apr. 2017, https://www.uscfc.uscourts.gov/sites/default/files/REVISED-FINAL-Public-Guide-to-Classified-Information.pdf. Defendant has not identified any information in this case as classified, and none of the cited information appears classified on its face. Plaintiff failed to adequately respond to this Court's Order to Show Cause, and now may not use a motion for reconsideration to "raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co.*, 554 U.S. at 485 n.5 (2008) (citation omitted).

Plaintiff next argues that the Court violated Rule 77.4(c) by unsealing his complaint and contends that in doing so the Court purportedly "fully confirmed that it has subject matter jurisdiction over Plaintiff's April 2, 2021 Complaint." Pl. Mot. at 32. Rule 77.4(c) provides that,

"[u]nless otherwise required by statute or order and absent a timely objection by any party, the clerk, upon notice to the parties, may unseal any paper or exhibit filed under seal…5 years after the entry of final judgment by this court."  Plaintiff contends that his complaint should remain sealed because he objected to its unsealing and 5 years have not elapsed since judgment.  However, this argument completely ignores that the unsealing of his complaint was "required by…order," which is an explicit carveout from the five-year waiting period.  Rule 77.4(c).  Even if unsealing Plaintiff's complaint somehow violated the Rule 77.4, subject matter jurisdiction is not conferred as a result.  *See Jeppesen Sanderson, Inc. v. United States*, 19 Cl. Ct. 233, 237 (1990) (citing *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701-02 (1982)) ("[N]either actions of the parties nor of other courts can confer jurisdiction on this court where it does not otherwise exist.").

Finally, Plaintiff takes issue with the Court directing the Clerk of Court to unseal Plaintiff's complaint while keeping Plaintiff's Response to the Order to Show Cause (ECF No. 11) under seal.  *Id.* at 30-31.  However, while he argues that his complaint should not have been unsealed, he requests that the Court unseal his Response to the Court's Order to Show Cause.  Pl. Mot. at 46.  The Court will grant this request.

III.  <u>The Court Could Not Enter Default Judgment Against Defendant</u>.

Finally, Plaintiff argues that the Clerk of Court erred when it failed to enter default pursuant to Rule 55(a) upon his request for default judgment.  Pl. Mot. at 43 ("Upon Plaintiff filing [his motion for Entry of Default], . . . a mandatory entry of Defendant's default was to be made.").  Per Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  After an entry of default is made by the clerk, this Court is then tasked under

Rule 55(b) with considering whether default judgment is warranted.  *See* Rule 55(b).

Even assuming that Plaintiff is correct that Defendant was in default, such a default does not confer subject matter jurisdiction.  Indeed, Rule 55(b) is simply inapplicable because the Court does not have subject matter jurisdiction over Plaintiff's claims and cannot as a matter of law adjudicate whether a default judgment is warranted.  *See, e.g.*, *Dumont v. United States*, 345 F. App'x 586, 593 (Fed. Cir. 2009) (per curiam) ("Because not a single one of [plaintiff's] allegations fall [sic] within the Claims Court's jurisdiction, the court properly denied his motion [sic] for a default judgment."); *Langan v. United States*, No. 18-1603C, 2019 WL 3857044, at *5 (Fed. Cl. Aug. 16, 2019) ("Because the Court does not possess subject-matter jurisdiction to consider plaintiff's claims, plaintiff's motions for entry of default judgment and to consolidate cases are also moot."), *aff'd*, 812 F. App'x 982 (Fed. Cir. 2020).  Thus, even if entry of default had been entered under Rule 55(a), this Court could not have issued a default judgment under Rule 55(b) given it has no jurisdiction over Plaintiff's claims.  *Id.*  Finally, Rule 12(h)(3) requires this Court to dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction."  As this Court clearly lacks subject matter jurisdiction over Plaintiff's complaint, it must dismiss the action and Plaintiff's request for default judgment remains moot.

<u>CONCLUSION</u>

For the reasons explained above, Plaintiff's Motion for Reconsideration (ECF No. 21) is **DENIED**.  The Clerk of Court is **DIRECTED** to unseal Plaintiff's Response to the Court's April 12, 2021 Order to Show Cause.  (ECF No. 11.)

IT IS SO ORDERED.

 s/Eleni M. Roumel 
ELENI M. ROUMEL
Judge