# In the United States Court of Federal Claims

| | |
|---|---|
| WILLIAM HENRY STARRETT, JR.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 21-cv-1168<br><br>Filed: August 1, 2024 |

*William Henry Starrett, Jr.*, Richardson, TX, Plaintiff, appearing *pro se*.

*Tara K. Hogan*, United States Department of Justice, Civil Division, Washington, D.C., appearing for Defendant.

**MEMORANDUM AND ORDER**

Plaintiff William Henry Starrett, Jr., appearing *pro se*, seeks relief from this Court's prior Order and Judgment dismissing his Complaint. Plaintiff's Motion for Relief from a Judgment and Order (ECF No. 35) (Motion or Mot.).[1] Following dismissal, denial of reconsideration, and an unsuccessful appeal to the Federal Circuit, Plaintiff now moves pursuant to Rule 60(b) of the Rules of the United States Court of Federal Claims (Rules), asserting the Court still has jurisdiction over his dismissed claims and alleging further actions related those claims. For the reasons stated below, Plaintiff's Motion is **DENIED**.

---

[1] Citations throughout this Memorandum and Order reference the ECF-assigned page numbers, which do not always correspond to the pagination within the document.

**PROCEDURAL BACKGROUND**

On September 10, 2021, this Court dismissed Plaintiff's Complaint for lack of subject matter jurisdiction. *Starrett v. United States*, No. 21-cv-1168, 2021 WL 7627745, at *5 (Fed. Cl. Sept. 10, 2021); *see also* Judgment, dated Sept. 14, 2021 (ECF No. 20). On October 7, 2021, Plaintiff filed a Motion for Reconsideration, which this Court denied on February 3, 2022. ECF No. 21; *Starrett v. United States*, 158 Fed. Cl. 487, 494 (2022). On February 11, 2022, Plaintiff filed a Motion to Correct the Docket as to the Clerk of Court's Entry of Defendant's Default, a motion that this Court granted on February 17, 2022. ECF No. 24; Order, dated Feb. 17, 2022 (ECF No. 25) (Feb. 17, 2022 Order).[2] Specifically, in granting the Motion to Correct, this Court directed the Clerk of Court "to amend the docket to reflect that (1) Plaintiff's Motion for Default Judgment and Motion for Order to Show Cause (ECF No. 14) was filed on July 15, 2021, and (2) pursuant to Rule 55(a), Defendant defaulted on June 8, 2021." Feb. 17, 2022 Order at 5. The Clerk thereafter filed a Notice, informing Defendant that it was in default. ECF No. 26.

Subsequently, on February 24, 2022, Plaintiff objected to the Court's decision dismissing his case and moved for relief from judgment. Plaintiff's Objection to the Court's February 3, 2022 Order and Motion for Relief from a Judgment and Order (ECF No. 28).[3] As this Court had already denied Plaintiff's motion for reconsideration, and the reasons for that denial had not changed, this Court denied Plaintiff's motion for relief from judgment and directed the Clerk of Court to reject future related submissions "except for a properly filed notice of appeal." Order (ECF No. 27) at 1. Plaintiff timely appealed, and on January 11, 2023, the Federal Circuit affirmed the dismissal

---

[2] This document was received on February 10, 2022, and filed by leave of this Court on February 11, 2022. *See* ECF No. 23.

[3] This document was received on February 18, 2022, and filed by leave of this Court on February 24, 2022. *See* ECF No. 27.

of Plaintiff's Complaint. *Starrett v. United States*, No. 2022-1555, 2023 WL 152827, at *4 (Fed. Cir. Jan. 11, 2023). On March 9, 2023, the Federal Circuit denied Plaintiff's petition for panel rehearing, and subsequently it issued its Mandate in accordance with its January 11, 2023 decision. ECF Nos. 31, 32. Plaintiff subsequently filed four motions that were received on September 19, September 29, December 13, and December 18, 2023,[4] and the Clerk of Court rejected each. *See* Entries, dated Dec. 15, 2023, Dec. 18, 2023, and Dec. 26, 2023. On April 10, 2024, Plaintiff filed the present Motion for Relief from a Judgment and Order. *See* Mot.[5]

## FACTUAL BACKGROUND

Plaintiff's original complaint alleged that "the United States Government and its private contractors conspired to subject Plaintiff to various forms of remote monitoring as part of a vaguely described research project." *Starrett*, 2021 WL 7627745, at *1 (citing Complaint (ECF No. 8) (Compl.) ¶¶ 1–7). Plaintiff sought damages for three breach of contract claims related to alleged "Remote Neural Monitoring." *Id.* (citing Compl. ¶¶ 28–29, 116–40). Plaintiff stated the following claims: (1) Breach of Implied-In-Fact Contract to Make Payments; (2) Breach of Express Contract to Make Payments; and (3) Breach of Implied Contract of Good Faith and Fair Dealing. *Id.* (citing Compl. ¶¶ 116–40). Plaintiff therefore sought a "preliminary or permanent injunction" prohibiting

---

[4] Plaintiff's Motion for Relief from a Judgment and Order (Sept. 19, 2023); Plaintiff's Letter to Chief Judge, Proposed Order, and Motion for Relief from Judgment and Order (Sept. 29, 2023); Plaintiff's "Plaintiff's Motion for Relief from Judgment and Order" (Dec. 13, 2023); Plaintiff's Letter to Chief Judge and Motion for Relief from Judgment and Order (Dec. 18, 2023).

[5] This document was received on March 21, 2024, and filed by leave of this Court on April 10, 2024. *See* Order, dated April 10, 2024 (ECF No. 33). Plaintiff's subsequent Notice to the Court, consisting of a letter requesting entry of his March 21, 2024 Motion along with a copy of that Motion, was received on April 8, 2024, and was filed by leave of this Court on April 10, 2024. ECF No. 36; Order, dated April 10, 2024 (ECF No. 34).

the alleged "Remote Neural Monitoring," as well as $10.98 trillion in damages plus attorneys' fees. *Id.* (citing Compl. at 46).

After dismissal of his Complaint, Plaintiff moved for reconsideration, claiming: "(1) the Court has jurisdiction over his claims based on an express or implied contract with the United States; (2) the Court has jurisdiction over his injunctive relief causes of action because they are 'tied and subordinate to a money judgment;' and (3) the Court misapplied precedent and applied too stringent of a pleading standard." *Starrett*, 158 Fed. Cl. at 489 (internal citations omitted). The Court denied Plaintiff's Motion for Reconsideration because he failed to demonstrate newly discovered evidence, an intervening change in case law, or a need to correct clear factual or legal error. *Id.* at 491, 494 (quoting *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016)). The Court also reiterated its lack of jurisdiction over Plaintiff's suit, which, despite the entry of default, prevented the Court from entering a default judgment against Defendant. *Id.* The Federal Circuit affirmed the dismissal, finding this Court lacked subject matter jurisdiction over Plaintiff's claims. *Starrett*, 2023 WL 152827, at *4.

Despite the Federal Circuit's ruling, Plaintiff now moves for relief from the Court's judgment pursuant to Rule 60(b). *See* Mot. ¶ 2 ("Pursuant to RCFC and FED. R. CIV. P. Rule 60(b), '[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding' for reasons of new evidence, mistake, inadvertence, surprise, or excusable neglect; and any other reason that justifies relief."). Plaintiff requests the Court reconsider the issuance of injunctive relief, enter a preliminary injunction sought by the Complaint, and relieve Plaintiff from the Court's September 10, 2021 dismissal order. *Id.* ¶¶ 1, 62. Plaintiff again challenges the finding that the Court lacks jurisdiction over his claims, citing Article III of

4

the Constitution, this Court's jurisdictional statutes (28 U.S.C. § 1491(a), (b)), and the Texas Constitution.  *Id.* ¶¶ 3–6, 8–9, 61.

Plaintiff's Motion then recites the same facts as in his Complaint, expressly citing the Complaint throughout.  *See id.* ¶¶ 10–26.  After noting the Court's prior dismissal, *id.* ¶ 27, Plaintiff then begins to recite various activities that began on June 5, 2023—five months after the Federal Circuit's order affirming dismissal.  *See generally id.* ¶¶ 29–44.  Plaintiff also describes his attempts to obtain post-judgment relief, asserting he first submitted a Motion for Relief from a Judgment or Order on June 22, 2023.  *Id.* at ¶ 31.[6]  Plaintiff asserts that because the submission did not appear to have been docketed, and because purported "newly issued quarterly billing invoices and statements of accounts had been delivered to" Defendant, Plaintiff again filed a Motion for Relief on September 19, 2023.  *Id.* ¶¶ 32, 35; *see also id.* ¶¶ 31–35.  Based on the same assertions regarding the alleged renewal of Defendant's contract and quarterly billing, Plaintiff continued to submit three more motions in September and December 2023.  *See id.* ¶¶ 36–42; *see also supra* note 4.  Finally, Plaintiff reasserts that Defendant purportedly required his services in February and March 2024.  *See* Mot. ¶¶ 43–44.  Plaintiff repeats all these assertions and procedural history, asserting that his costs continue, and he is unable to afford to continue to provide services.  *See id.* ¶¶ 45–60.

On April 24, 2024, Defendant filed its Response, asserting that Plaintiff failed to demonstrate circumstances required to set aside a final judgment, and requesting that the Court enter an order relieving Defendant of responding to further pleadings under this docket.  *See* Defendant's Response to Plaintiff's Motion for Relief from a Judgment and Order (ECF No. 38)

---

[6] The Court has no record of any submission received from Plaintiff in June 2023.  The first submission regarding a motion for relief from judgment noted on the docket was on September 19, 2023.  *See* Entry, dated Dec. 15, 2023.

(Def. Resp.) at 1.  Defendant argues that, to the extent Plaintiff filed his Motion pursuant to Rule 60(b)(1) or (2), the Motion should be denied as untimely.  *Id.* at 5.  Defendant further argues that Plaintiff failed to demonstrate "extraordinary circumstances" required for relief under Rule 60(b)(6).  *Id.* (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

On April 30, 2024, Plaintiff filed his Reply, asserting that he timely filed his Motion, and that his alleged services have been more actively required in recent years.  *See* Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Relief from a Judgment and Order (ECF No. 39) (Pl. Reply) ¶¶ 11, 13.  Plaintiff reiterated allegations that "Defendant's foregoing units indicated an intention to require services from the plaintiff's consultancy" in June 2023, and subsequently indicated "persisting requirements" from Plaintiff in August 2023, November 2023, and February 2024.  *Id.* ¶¶ 7, 8.

## **APPLICABLE LEGAL STANDARDS**

Plaintiff requests relief pursuant to three provisions of Rule 60(b):

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b); . . . or (6) any other reason that justifies relief.

Rule 60(b)(1), (2), (6).  A Rule 60(b) motion "must be made within a reasonable time[,]" and for reasons (1), (2), and (3) "no more than a year after the entry of the judgment or order or the date of the proceeding."  Rule 60(c)(1).

A plaintiff must file a motion for relief from judgment under Rule 60(b)(1) or 60(b)(2) within one year of the judgment.  Rule 60(c)(1).  That one-year limitation period is not tolled by an appeal.  *Kalos v. United States*, No. 15–880, 2017 WL 2570692, at *1 (Fed. Cl. June 12, 2017) (citing *Mudge v. United States*, 78 Fed. Cl. 818, 820 (2007)); *Mendez v. United States*, No. 11–160C, 2014 WL 2772590, at *5, *5 n.8 (Fed. Cl. June 18, 2014), *aff'd* 600 F. App'x 731, 733 (Fed.

6

Cir. 2015), *cert. denied*, 557 U.S. 837 (2015) (citing 12 *Moore's Fed. Prac.* § 60.65(2)(d)) ("[V]irtually all courts agree that pending appeals do not toll the running of the one-year period for filing a motion under Rule 60(b)(1), (2), or (3).");[7] *see also Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989).

A plaintiff is required to bring a Rule 60(b)(6) motion "within a reasonable time;" however, that provision is available "only in extraordinary circumstances and only when the basis for relief does not fall within any of the other subsections of Rule 60(b)." *Fiskars, Inc. v. Hunt Mf'g Co.*, 279 F.3d 1378, 1382 (Fed. Cir. 2002); *see Mendez*, 600 F. App'x at 733 (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988)); *Rogero v. Sec'y of Dep't of Health & Human Servs.*, 143 Fed. Cl. 21, 26 (2019) (quoting *CEATS, Inc. v. Cont'l Airlines, Inc.*, 755 F.3d 1356, 1361 (Fed. Cir. 2014)); *Kalos*, 2017 WL 2570692, at *1 (citing *Info. Sys. & Networks Corp. v. United States*, 994 F.2d 792, 795 (Fed. Cir. 1993)). A plaintiff must make a demonstration that he or she is not at fault for the delay in filing. *See Kalos*, 2017 WL 2570692, at *1 (citing *Mendez*, 600 F. App'x at 733 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993))) ("[T]he Federal Circuit has held that 'extraordinary circumstances exist if a person can demonstrate that he was not at fault for his predicament.'").

## **DISCUSSION**

Plaintiff failed to timely file his Motion pursuant to Rules 60(b)(1) and 60(b)(2). Further, Plaintiff is not entitled to relief pursuant to Rule 60(b)(6) because he failed to demonstrate

---

[7] In *Mendez*, the Federal Circuit affirmed under Rule 60(b)(6) and acknowledged the one-year time constraint on motions under Rule 60(b)(1)–(3) before considering the motion only under Rule 60(b)(6). *Mendez*, 600 F. App'x at 732 ("[S]ince Mendez filed his motion more than a year after judgment and failed to allege any grounds which could support a motion under Rule 60(b)(2)-(5), the CFC determined that his motion could only be considered under Rule 60(b)(6).").

extraordinary circumstances preventing him from filing within a reasonable time. Accordingly, Plaintiff's Motion is denied.

## I. Plaintiff Is Time-Barred from Relief Under Rules 60(b)(1) and 60(b)(2)

### A. Plaintiff failed to file his Motion within one year of this Court's September 14, 2021 Judgment.

Plaintiff brings his motion pursuant to Rules 60(b)(1) and 60(b)(2). *See* Mot. ¶ 2. Those provisions afford a plaintiff one year from the date of judgment to request relief from that judgment, and that time limit is not tolled by appeal. *See Kalos*, 2017 WL 2570692, at *1; *Mendez*, 2014 WL 2772590, at *5, *5 n.8. Plaintiff's first recorded filing for relief from judgment was in September 2023—two years after this Court's order (September 10, 2021) and judgment (September 14, 2021) dismissing the complaint. *See* Entry, dated Dec. 15, 2023. Plaintiff, however, contends that he filed a motion for relief on June 22, 2023, despite no evidence on the docket to support that contention. Mot. ¶ 31. As Plaintiff is proceeding *pro se*, the Court will consider June 22, 2023, the most advantageous filing date, and accepts as true that Plaintiff filed a motion for relief that date. *See id.*; *see also supra* note 6.

As noted, the operative date to start the one-year period is the date of this Court's Judgment dismissing the Complaint—not the date on which the Federal Circuit issued its Mandate affirming the Judgment. *See Mendez*, 600 F. App'x at 732 (noting that plaintiff's motion, which was filed within one year of the Federal Circuit's decision affirming the court's judgment, was filed more than one year after the court's judgment from which plaintiff requested relief);[8] *see also Webb v.*

---

[8] In *Mendez*, the judgment from which plaintiff sought reconsideration was entered on December 21, 2012. *Mendez*, 2014 WL 2772590, at *1. Plaintiff originally appealed that judgment, which the Federal Circuit affirmed on September 17, 2013, and which the Federal Circuit and Supreme Court denied rehearing and certiorari, respectively. *See* 571 U.S. 1205 (2014); 540 F. App'x 986, 992 (Fed. Cir. 2013); 2014 WL 2772590, at *3. Plaintiff filed his motion, which was found untimely, on March 26, 2014. 2014 WL 2772590, at *3.

*United States*, No. 15-803V, 2023 WL 7638911, at *1 (Fed. Cl. Oct. 17, 2023) (citing Rule 60(c)(1)) (emphasis added) (treating a motion for reconsideration as a motion timely brought under Rule 60(b), "*as it was filed within one year of the order from which relief was sought*"). The date of this Court's Judgment dismissing the Complaint is September 14, 2021. ECF No. 20. Plaintiff's asserted filing date for his first motion for relief is June 22, 2023. Mot. ¶ 31. Plaintiff's Motion was filed more than a year after the Judgment dismissing his Complaint. As the one-year limitation period is not tolled by an appeal, Plaintiff's motion is untimely as a matter of law. *See Kalos*, 2017 WL 2570692, at *1 (citing *Mudge*, 78 Fed. Cl. at 820); *see also Mendez*, 2014 WL 2772590, at *5 (noting that plaintiff's "petition for certiorari in the Supreme Court did not prevent or excuse him from seeking timely relief from this court").

      **B.**    **Even if Plaintiff's Motion were timely filed under Rules 60(b)(1) and (2), it must be denied because the Motion fails to allege a mistake or newly discovered evidence.**

This Court dismissed Plaintiff's Complaint for lack of subject matter jurisdiction, holding, in part, that Plaintiff's claims were not "founded upon any express or implied contract with the United States," that Plaintiff had not sufficiently alleged mutual intent to contract, and that the Court lacked jurisdiction to grant the requested equitable relief. *Starrett*, 2021 WL 7627745, at *4. Further, this Court held that none of Plaintiff's cited provisions were money-mandating. *Id.* The Federal Circuit also affirmed that holding. *Starrett*, 2023 WL 152827, at *4.

This Court also denied Plaintiff's Motion for Reconsideration, in which Plaintiff challenged the Court's holding. *See Starrett*, 158 Fed. Cl. at 489. Specifically, this Court ruled that the Complaint only demonstrated Plaintiff's own actions, rather than Defendant's, and did not "indicate[] assent to the proposed bargain." *Id.* at 492 (quoting *Russell Corp. v. United States*, 537 F.2d 474, 482 (Ct. Cl. 1976)). The Federal Circuit affirmed this Court's dismissal, holding that

Plaintiff failed to "plausibly allege the existence of an express or implied contract with the United States." *Starrett*, 2023 WL 152827, at *4.

Plaintiff has not provided new allegations or evidence regarding the existence of a contract. Other than Plaintiff's description of the action before this Court, he provides facts that were all previously stated in support of his original Motion. *See* Mot. ¶¶ 10–25. Plaintiff then claims that the award of the purported contract had been newly proposed or awarded by June 5, 2023, and subsequently on August 31, 2023, November 30, 2023, and February 29, 2024. *See id.* ¶¶ 29, 33, 37, 43, 53, 56, 58. Plaintiff makes references to more alleged invoices he sent to Defendant through March 17, 2024. *See id.* ¶¶ 30, 32, 34, 38, 44, 50 & n.10. Plaintiff makes statements regarding Defendant's "intention" to require services under the allegedly newly-awarded contract. *See id.* ¶¶ 29, 33, 37, 43, 53, 56, 58. Finally, Plaintiff also claims Defendant made repeated "promises of pending and eventual payment," starting in November 2015. *Id.* ¶ 46; *see also id.* ¶ 51.[9]

*First*, Plaintiff has made no demonstration of new evidence supporting promises of payment. Like the Federal Circuit's finding on appeal, Plaintiff provided "no allegation (or supporting exhibit showing) that such a signed customer services contract ever existed." *Starrett*, 2023 WL 152827, at *3. *Second*, Plaintiff has not demonstrated an intention on the part of Defendant to form a contract. The Federal Circuit also found, "Mr. Starrett points to no government statement or action that could plausibly be interpreted as manifesting a government

---

[9] Plaintiff cites page 30 of his Complaint in the Motion. Mot. ¶ 51. His original Complaint made the same bare assertions. *See* Compl. ¶ 88 ("Defendant's agent . . . and . . . teams review, share, document, and extend their disruption while parroting their earliest promises of eventual payment."); *id.* ¶ 90 ("[P]ersonnel using the foregoing systems frequently baited Plaintiff with allegedly extreme likelihoods of mailed notifications from governmental officials and Plaintiff's imminent receipt of payments in amounts metered to earliest verbally estimated figures.").

10

intent to form a contract." *Id.* Plaintiff's new attempts to state an "intention to require services" may be aimed at allaying that finding, *see* Pl. Reply ¶ 7, but "Rule 60(b) is not designed to allow a litigant to rehash arguments which have previously been considered and rejected." *Hildebrand v. Steck Mfg. Co.*, 292 F. App'x 921, 925 (Fed. Cir. 2008) (per curiam) (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)); *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Van Skiver*, 952 F.2d at 1243) ("It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.").

Regarding the requirement to cite a provision entitling him to compensation, Plaintiff now cites no other statutes, relying only on the Court's jurisdiction over certain disputes relating to contracts with the United States. *See* Mot. ¶¶ 2–6 (citing 28 U.S.C. § 1491(a), (b)); *see also* Plaintiff's Motion for Reconsideration and to Alter or Amend Order and Judgment (ECF No. 21) (Mot. Reconsideration) at 13 (quoting *Chevron USA, Inc. v. United States*, 71 Fed. Cl. 236, 259 (2006) (quoting *Tippett v. United States*, 185 F.3d 1250, 1254–55 (Fed. Cir. 1999))) ("[I]t is only '[w]hen a contract is not involved, to invoke jurisdiction under the Tucker Act, a plaintiff must identify a constitutional provision, a statute, or a regulation that provides a substantive right to money damages.'").

Plaintiff further states that he filed his motion within one year of the Federal Circuit's unfavorable decision on his appeal. Pl. Reply ¶ 11. He therefore mistakenly believes his appeal tolled the requirement to file this motion within one year of this Court's September 14, 2021 judgment. Further, his reassertion of the same claims without new evidence seems intended to use this Motion as another appeal. *See Hildebrand*, 292 F. App'x at 924 ("[Plaintiff] fails to appreciate that a motion seeking relief from judgment under Rule 60(b) is 'clearly not a substitute for appeal' and must involve 'matters outside the issues raised and considered by the court in reaching its

judgment.'"); *IAP Worldwide Servs., Inc. v. United States*, 141 Fed. Cl. 788, 810 (2019) ("A request for relief from a judgment is not intended to permit a party to retry its case when it previously was afforded a full and fair opportunity to do so."); *id.* at 811 (quoting *Osage Tribe of Indians of Okla. v. United States*, 97 Fed. Cl. 345, 348 (2011)) ("In a motion for relief from final judgment, '[t]he movant . . . must do more than merely reassert[] arguments which were previously made and carefully considered by the court.'").

Plaintiff's reference to more invoices[10] allegedly sent to Defendant are irrelevant. As previously explained, "[t]he various exhibits attached to Plaintiff's complaint reflect only that Plaintiff engaged in a monologue directed at Defendant; they fail to reflect that 'mutual intent to contract' ever existed." *Starrett*, 2021 WL 7627745, at *4. Accordingly, the Court denies Plaintiff's Motion pursuant to Rules 60(b)(1) and 60(b)(2).

## II.   Plaintiff Failed to Demonstrate Extraordinary Circumstances for Relief Under Rule 60(b)(6)

Though Rule 60(b) only imposes a "reasonable" time constraint on filing a motion for relief from a judgment, the Federal Circuit has affirmed denial of a Rule 60(b) motion filed more than one year after judgment, where plaintiff failed to provide any evidence of extraordinary circumstances preventing him from raising the same issues earlier. *See Mendez*, 600 F. App'x at 732–33. Plaintiff here is clearly at fault for his predicament. *See Kalos*, 2017 WL 2570692, at *1.

As noted above, Plaintiff filed his earliest version of the present Motion well past one year after the original Judgment. His Motion makes no reference to any extraordinary circumstances that prevented him from filing earlier, and none are evident to this Court. *See generally* Mot. Instead, Plaintiff reshapes his original Complaint, and indeed consistently references his

---

[10] Plaintiff alleges he sent further invoices by June 2023 (after his unsuccessful appeal) and continuing quarterly through March 2024. *See* Mot. ¶¶ 30, 34, 44.

Complaint throughout his Background section. *See, e.g.*, *id.* ¶¶ 11–12, 14–17, 19–27. While Plaintiff also describes the Court's actions and other alleged actions by Defendant since the dismissal, nothing in that description reflects a new hardship that would have prevented him from filing this Motion earlier. *See id.* ¶¶ 26–44. As Plaintiff neither filed his Motion within a reasonable time nor demonstrated extraordinary circumstances necessitating relief, the Court denies the Motion pursuant to Rule 60(b)(6) as well.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Relief from a Judgment and Order (ECF No. 35) is **DENIED**.

IT IS SO ORDERED.

*Eleni M. Roumel*
ELENI M. ROUMEL
Judge

August 1, 2024
Washington, D.C.